## IN THE MATTER OF THE INVESTIGATION OF THE PENN CENTRAL PASSENGER STATION AT NEWARK, N. J.

Argued December 7, 1970—Decided January 25, 1971.

*Mr. James C. Orr* argued the cause for appellant Penn Central Transportation Company (*Messrs. Lum, Biunno & Tompkins,* attorneys; *Mr. Vincent P. Biunno* and *Mrs. Elinor P. O'Connor* of counsel).

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for Board of Public Utility Commissioners (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. William Gural,* Deputy Attorney General, and *Mr. John B. Wefing,* Law Assistant, on the brief).

PER CURIAM. This case involves the legality of an order by the Board of Public Utility Commissioners (Board) which directed the Penn Central Transportation Company (Penn Central) to take certain specified steps to improve the facilities at its Newark station. Penn Central appealed the order to the Appellate Division, and before argument there we granted the Board's motion for certification directly to this Court. *R.* 2:12–2.

On January 23, 1969, as a result of a staff report outlining conditions at Penn Central's Newark station, the Board issued an order instituting an investigation into the conditions at the station. The purpose of the investigation was "to determine whether or not safe, adequate and proper service is provided to the public at the station in Newark and what measures, if any, Penn Central should be ordered to effectuate to insure that safe, adequate and proper service is rendered." A hearing examiner was appointed and hearings were held. Testimony adduced during four days of hearings clearly showed that conditions at the station were unsatisfactory: there was inadequate police protection furnished by the appellant, lighting conditions were poor, rest rooms were unclean and were loitering places for unsavory characters, clocks were not accurate, many areas were unclean and numerous telephones were out of order. On April 24, 1969, the examiner filed a report setting forth these conditions. Penn Central filed exceptions to the report. On October 2, 1969, the Board issued the order which is the subject matter of this dispute. The order modified the recommendations of the report and detailed steps which Penn Central was required to take to alleviate the above conditions.

The primary issue on this appeal is whether the Board had the power to issue the disputed order. Penn Central contends that the Board lacked jurisdiction since the Legislature had transferred regulatory powers over the railroads to the Commuter Operating Agency (COA). *L.* 1964, *ch.* 88. *R. S. Cum. Supp.* 48:12A–16.1, *et seq.*[1] On the other hand,

---

[1] In 1965 Penn Central entered a subsidy contract with the State Highway Commissioner pursuant to *L.* 1964, *ch.* 88, *R. S. Cum. Supp.* 48:12A–16.1 *et seq.* by which it agreed to retain certain passenger services in return for funds from the State. Since that time the functions of the State Highway Commissioner have been transferred to the Department of Transportation, *L.* 1966, *ch.* 301, § 3, *N. J. S. A.* 27:1A–3, and the power to contract with rail carriers has been delegated to the Commuter Operating Agency in the Department of Transportation, *L.* 1966, *ch.* 301, § 16 as amended by *L.* 1967, *ch.* 71, § 16, *N. J. S. A.* 27:1A–16.

the Board maintains that the Legislature never intended to suspend the operation of the Board's regulatory powers under *N. J. S. A.* 48:2–23.[2] There is no question that the Board would possess the power to make the disputed order in the absence of any legislative transfer of power. *In re Complaint of Brotherhood of R. R. Trainmen,* 49 *N. J.* 174 (1967); *Pennsylvania Railroad Co. v. Dept. of Public Utilities,* 14 *N. J.* 411 (1954); *Lehigh, etc., Railroad Co. v. Dept. of Board of Public Utilities,* 14 *N. J.* 440 (1954). Nor is there any dispute that certain powers have been transferred from the Board to COA. See *Sprissler v. Pennsylvania-Reading S. S. Lines,* 45 *N. J.* 127 (1965) (discontinuance in train passenger service). Thus the narrow question before us is whether the regulation of health and safety matters relating to a station facility remains within the jurisdiction of the Board. We think it does. Although COA has broad powers under a contract with a railroad to insure that passenger service is maintained and operated in a "safe, sanitary and proper manner," there is no power in the COA to regulate beyond the scope of the contract. Compare *L.* 1964, *ch.* 58, § 1; *N. J. S. A.* 48:2–24 (changes in railroad passenger service during the term of a subsidy contract under control of the State Highway Commissioner (now the COA) without the necessity of Board approval. We need not decide whether such a power could be implied since the subsidy contract entered into between Penn Central and the State disposes of the problem. That contract contains a limiting clause which provides that the "health, safety, welfare * * * of passengers * * * and any other persons affected by the passenger service are not intended to be within such subject matter of this agreement except as expressly provided herein, but * * * are intended to be governed by the applicable * * * regulations and orders of state * * * agencies * * *." There is nothing in

[2]That statute provides in pertinent part: "The board may, after hearing, upon notice, by order in writing, require any public utility to furnish safe, adequate and proper service and to maintain its property and equipment in such condition as to enable it to do so."

the contract evidencing an intent to assume control over the health and safety of persons using railroad stations. We assume that the limiting clause was included in the contract with the intention that such matters be left to the Board which has the personnel and the expertise to deal with them.

We have reviewed appellant's other contentions and find them to be lacking in merit and to warrant no discussion.

The order of the Public Utility Commission is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.